**In re John Michael COLLINS, Kathy J. Collins, Debtors.**

**No. 02–57989.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 23, 2003.

Thomas C. Lonn, Esq., Westerville, OH, for Debtors.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### ORDER DENYING DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtors' motion to modify their confirmed

chapter 13 plan. The plan, as modified, would establish a $300.00 per month conduit payment to WFS Financial Inc. No party objected to the proposed modification.

WFS Financial Inc. is the holder of a bifurcated claim secured to the extent of $12,700.00 by a 1997 GMC Sierra 1500 pickup truck owned by the debtor-husband. WFS Financial Inc. was owed $18,174.32 as of the date of the debtors' bankruptcy filing. The promissory note executed by the debtor-husband on June 14, 2001, called for sixty-six (66) monthly payments of $468.82 each, beginning July 14, 2001.

The debtors' confirmed Chapter 13 plan provides for payment of WFS Financial's secured claim *pro rata* with other secured claims. The unsecured portion of the claim will receive the 10% dividend accorded general unsecured claims.

Conduit payments, referred to as maintenance of payments in § 1322(b), are typically made on mortgages or motor vehicle leases where the last payment is due after the completion of a Chapter 13 plan. The amount of the conduit is the payment called for in the note or lease. Conduit or maintenance payments help to ensure that upon completion of the plan, the debtor will not be in default of his or her long-term obligations.

The final installment on the debtors' note to WFS was scheduled for December 14, 2006. If the debtors' plan (originally projected to last forty-one months) will be completed prior to that date, a conduit payment could be proposed. However, the conduit would be $468.82 per month instead of $300.00, since it is not possible to "conduit" only the secured portion of a bifurcated claim.

Based on the foregoing, the debtors' motion to modify their confirmed Chapter 13 plan is **DENIED.**

**IT IS SO ORDERED.**